J-S59036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| LEE PEREZ | |
| Appellant | No. 3424 EDA 2014 |

Appeal from the Judgment of Sentence June 4, 2014
in the Court of Common Pleas of Philadelphia County Criminal Division
at No(s):CP-51-CR-0005590-2013

BEFORE: BENDER, P.J.E., OLSON, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:                 **FILED OCTOBER 12, 2016**

Appellant, Lee Perez, appeals from the judgment of sentence of eleven-and-one-half to twenty-three months' imprisonment followed by six years' probation entered in the Philadelphia County Court of Common Pleas following jury trial. Appellant claims that the jury's verdict on the charges of possession with intent to deliver[1] ("PWID") and conspiracy[2] was against the weight of the evidence. We affirm.

The facts and procedural history relevant to this appeal are as follows.[3] A team of Philadelphia Police officers engaged in surveillance for narcotics

---

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 903(a).

[3] The trial court set forth a detailed review of the Commonwealth's evidence. **See** Trial Ct. Op., 1/20/16, at 2-9.

trafficking on January 9, 2013, between 11:20 a.m. and 12:20 p.m. At various times during the surveillance, they observed Michael Ocasio, Angel Seda, and Appellant engage in suspected sales. For all but one of the sales,[4] backup officers stopped the buyers and recovered heroin.

Officer Melvin Floyd testified that he observed Appellant engage in two sales. First, at approximately 12:05 p.m., Officer Floyd saw Seda go into an alley and when he returned, he handed a "bundle"[5] to Appellant. Appellant then received money from a buyer, Samuel Kramer, and handed Kramer small blue packets from the bundle. Backup officers stopped Kramer after the transaction and recovered two blue packets of heroin from Kramer's vehicle. Shortly thereafter, Officer Floyd observed Appellant exchange small blue objects with a buyer, David Croner, for money. Backup officers stopped Croner and recovered four clear packets of heroin with blue inserts stamped "my turn." At 12:20 p.m., Appellant and Seda left the scene in a red Nissan Altima. Backup officers stopped the vehicle and arrested them. The officers recovered Appellant's wallet from the trunk of the vehicle. Appellant's wallet contained his identification and a total of $100 composed of one $20 bill,

---

[4] The backup officers were not able to locate the suspected buyers of the transaction that occurred at 11:43 a.m.

[5] A "bundle" consists of numerous "packets" of heroin. N.T. Trial I, 5/8/14, at 58. Officer Floyd testified that in Philadelphia, in his experience, a bundle contains twelve to fourteen packets secured by a rubber band. *Id.*

four $10 bills, six $5 bills, and ten $1 bills. No narcotics were recovered from Appellant, Seda, or the vehicle.

At the jury trial held from May 8 to May 13, 2014, the Commonwealth presented testimony from Officer Floyd regarding his surveillance and from the police officers involved in the arrests of Appellant, co-defendant, and the buyers.[6] However, during Appellant's cross-examination of Officer Floyd, the officer conceded that he was not certain when he first saw Appellant, when Appellant joined the co-defendant, and whether Appellant was present when the officer began the surveillance. N.T. Trial I at 89-92, 99. The officer acknowledged that Appellant was not involved in the first several transactions he observed. *Id.* at 92. Moreover, Appellant's cross-examination revealed that Officer Floyd, for the first time at trial, stated he saw Appellant opening the trunk of the Nissan Altima before leaving the scene. *Id.* at 103-04. Officer Floyd did not memorialize that information in his investigation reports or include it in his preliminary hearing testimony. *Id.* However, the officer who stopped and searched the Nissan Altima testified that the radio broadcast initiating the stop indicated that "something was placed in the trunk before they left." N.T. Trial III, 5/12/14, at 66.

---

[6] The parties stipulated that the contraband recovered from the buyers and in the area of the transactions was heroin.

Appellant, in his case-in-chief, presented character evidence of his reputation as a law-abiding person. On May 13, 2014, the jury found Appellant guilty of PWID and conspiracy, and on June 4, 2014, the trial court sentenced him to eleven and one-half to twenty-three months' imprisonment followed by six years' probation.

Appellant filed a timely post-sentence motion challenging the weight of the evidence, which was denied by operation of law on October 10, 2014. Appellant filed a timely notice of appeal on November 10, 2014, *see* 1 Pa.C.S. § 1908, and Appellant complied with the trial court's order to submit a Pa.R.A.P. 1925(b) statement.

Appellant's sole claim on appeal is that the evidence was against the weight of the evidence. *See* Appellant's Brief at 3. Appellant contends that he is entitled to a new trial because of the combined effects of (1) the inconsistencies in Officer Floyd's testimony regarding when he first observed Appellant with co-defendant Ocasio and Seda and (2) Officer Floyd's failure to indicate before trial that he observed Appellant open the trunk of the Altima before leaving the scene. *Id.* at 14-15. Appellant summarizes his argument as follows:

> In this case, the discrepancies in [Officer Floyd's] account of who was dealing drugs, calls into question his whole story and makes his testimony suspect. His eleventh hour inclusion of facts that implicate [A]ppellant is equally suspect. Such testimony calls into question [the officer's] credibility and leads to the inescapable conclusion that there was reasonable doubt as to [A]ppellant's guilt. Given such testimony any finding of culpability on

> [A]ppellant's part would be highly speculative, especially as [A]ppellant introduced good character evidence, which may in and of itself create a reasonable doubt of guilt.

*Id.* at 17 (citation omitted). No relief is due.

The principles governing a challenge to the weight of the evidence are well settled.

> A verdict is against the weight of the evidence "only when the jury's verdict is so contrary to the evidence as to shock one's sense of justice." A weight of the evidence claim is primarily directed to the discretion of the judge who presided at trial, who only possesses "narrow authority" to upset a jury verdict on a weight of the evidence claim. Assessing the credibility of witnesses at trial is within the sole discretion of the fact-finder. A trial judge cannot grant a new trial merely because of some conflict in testimony or because the judge would reach a different conclusion on the same facts, but should only do so in extraordinary circumstances, "when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." . . .

*Commonwealth v. Blakeney*, 946 A.2d 645, 652-53 (Pa. 2008) (citations omitted).

"[T]he role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (citation and some quotation marks omitted). An appellate court reviews the exercise of discretion by the trial court, and "not . . . the underlying question of whether

the verdict is against the weight of the evidence." ***Id.*** (citation and emphasis omitted).

Instantly, the trial court determined that Officer Floyd's testimony "for the most part" was "precise and consistent" and the jury was entitled to credit his testimony. Trial Ct. Op. at 10. The court concluded that the verdict did not "shock one's sense of justice." ***Id.*** at 11.

Although Appellant's cross-examination revealed discrepancies in Officer Floyd's testimony, we agree with the trial court that those discrepancies did not affect the reliability of his entire testimony. Contrary to Appellant's arguments, Officer Floyd's remaining testimony, which included his observations of Appellant receiving a bundle of heroin from Seda, and personally engaging in two sales at approximately 12:05 p.m., was not tainted by the discrepancies and could be credited by the jury. Similarly, we cannot accept Appellant's contention that his character evidence was of such greater weight than Officer Floyd's testimony that to accord the defense's evidence lesser weight would deny justice. ***See Clay***, 64 A.3d at 1055. Thus, having discerned no abuse of discretion in the trial court's rejection of Appellant's weight of the evidence challenge, we affirm. ***See Blakeney***, 946 A.2d at 652-53.

Judgment of sentence affirmed.

J-S59036-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016